# EXHIBIT A

**(CITACION JUDICIAL)**

5/6/10   14²⁹ᵖ

**NOTICE TO DEFENDANT:** ACE American Insurance Company, a
*(AVISO AL DEMANDADO):* Pennsylvania corporation; and
DOES 1 through 10, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

SEP 11 2009

EXECUTIVE OFFICER & CLERK
By N. Weathers, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** EAST WEST RESORT DEVELOPMENT V,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* L.P., a Delaware limited partnership;
NORTHSTAR BIG HORN, LLC, a Delaware limited liability company; and
NORTHSTAR IRON HORSE, LLC, a Delaware limited liability company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Placer
10820 Justice Center Drive
P.O. Box 619072
Roseville, CA 95661-9072

CASE NUMBER:
*(Número del Caso):* **SCV 25791**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas G. Trost, SBN 151961      916/783-6262    916/783-6252
Jason M. Sherman, SBN 232420
Sproul Trost LLP
Roseville, CA 95661

DATE: 9-11-09        Clerk, by N. Weathers, Deputy
*(Fecha)*             *(Secretario)*           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ACE American Insurance company, a Pennsylvania corporation

    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-6-10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

|   |   |   |   |
|---|---|---|---|
| | | | CM-010 |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Thomas G. Trost, SBN 151961
Jason M. Sherman, SBN 232420
Sproul Trost LLP
3721 Douglas Boulevard, Suite 300
Roseville, CA 95661
TELEPHONE NO.: 916/783-6262  FAX NO.: 916/783-6252
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS: P.O. Box 619072
CITY AND ZIP CODE: Roseville, CA 95661-9072
BRANCH NAME: Civil

CASE NAME: EAST WEST RESORT DEVELOPMENT V, L.P. v. ACE AMERICAN INSURANCE COMPANY

FOR COURT USE ONLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
SEP 11 2009
EXECUTIVE OFFICER & CLERK
By N. Wonthore, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | S CV 25791 JUDGE: DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
Employment
[ ] Wrongful termination (36)
[ ] Other employment (15)

Contract
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
[ ] Enforcement of judgment (20)
Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 11, 2009
Thomas G. Trost, SBN 151961
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CASE NO. **S CV 25791**

# A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: January 5, 2010
TIME: 10:00 A.M. If your case number starts with "S-CV"
11:00 A.M. If your case number starts with "M-CV"
DEPT: 40 - 10820 Justice Center Drive, Roseville, California

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. Call 916-408-6446 or go to the court's website at www.placercourts.org and select "Legal Help Center/Self Help" for information about the Legal Help Center.

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

Fifteen calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placercourts.org. Select "Tentative Rulings and Calendar Notes", then "Civil CMC." If you do not have Internet access, call the court at 916-408-6000 to get the information.

At the First Case Management Conference, the court will make orders which may include: redesignating the class currently assigned; exempting the case from dispositional time goals; referring the case to arbitration; transferring the case to Limited Jurisdiction; assigning the case to a particular judge for all purposes; assigning a trial date; assigning the case as a short cause trial matter; identifying the case as one which may be protracted; identifying the case as one which may be amenable to early settlement; establishing a discovery cut-off; scheduling the exchange of expert witness information; scheduling a mandatory settlement conference; scheduling a final case management conference; or, other orders to achieve the interests of justice and timely disposition of the case.

The court does not provide a court reporter at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, YOU MUST CONTACT COURT CALL TOLL FREE, AT 888-882-6878, AT LEAST TWO (2) COURT DAYS PRIOR TO THE APPEARANCE TO ARRANGE FOR THIS. YOU MUST PAY COURT CALL TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

SEP 11 2009

EXECUTIVE OFFICER & CLERK
By N. Weathers, Deputy

1 Thomas G. Trost (SBN 151961)
Jason M. Sherman (SBN 232420)
2 SPROUL TROST LLP
3721 Douglas Boulevard, Suite 300
3 Roseville, California 95661
Telephone: (916) 783-6262
4 Facsimile: (916) 783-6252

5 Attorneys for East West Resort Development
V, L.P.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF PLACER

| | |
|---|---|
| EAST WEST RESORT DEVELOPMENT V, L.P., a Delaware limited partnership; NORTHSTAR BIG HORN, LLC, a Delaware limited liability company; and NORTHSTAR IRON HORSE, LLC, a Delaware limited liability company;<br><br>Plaintiffs;<br><br>v.<br><br>ACE American Insurance Company, a Pennsylvania corporation; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. **S CV 25791**<br><br>COMPLAINT FOR:<br><br>1. Breach of Contract<br>2. Breach of Implied Covenant of Good Faith and Fair Dealing<br>3. Declaratory Relief<br><br>[Unlimited Jurisdiction]<br><br>BY FAX |

COMES NOW Plaintiff East West Resort Development V, L.P., and for Complaint against defendants, and each of them, alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff East West Resort Development V, L.P. ("East West") is, and at all times herein mentioned was, a Delaware limited partnership and duly authorized transact business and transacting business in the State of California.

2. Plaintiff Northstar Big Horn, LLC ("Big Horn") is, and at all times herein mentioned was, a Delaware limited liability company and duly authorized transact business and transacting business in the State of California.

3. Plaintiff Northstar Iron Horse, LLC ("Iron Horse" and collectively with Big Horn

Case No.

{00931271.DOC; 1}                    COMPLAINT

"Northstar") is, and at all times herein mentioned was, a Delaware limited liability company and duly authorized transact business and transacting business in the State of California.

4. Defendant ACE American Insurance Company ("ACE"), is, and at all times herein mentioned was, a Pennsylvania corporation and authorized to issue and deliver policies of liability in the State of California.

5. Defendants Does 1 through 10, inclusive, are individuals, corporations, government agencies, or other businesses of a form unknown, licensed to conduct or conducting business in California. The true names and capacities, whether individual, associate or otherwise, of Does 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names, and plaintiffs will insert the true names and capacities of Does when they have been ascertained. Defendants, named and fictitious, were the agents, employees and/or servants of the defendants, and each of them, and in doing the things hereinafter mentioned, were acting within the course and scope of said employment and agency.

6. The contract(s) hereinafter referred to was performed in, the subject real property is located in, and a substantial amount of the acts and omissions alleged in this complaint occurred in, Placer County, California.

**FIRST CAUSE OF ACTION**

**(Breach of Contract against ACE and Does 1-10)**

7. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 6 of the general allegations.

8. On or about April 3, 2004, Northstar, as owner, and G.E. Johnson Construction Company, Inc., as contractor, entered into written AIA Document A111 – 1997 Standard Form Agreements for the construction of commercial and residential improvements to real property located in Tahoe, California and known as Northstar Village Phases I & II (the "Project").

9. In connection with the Project, In an around May of 2004, Plaintiffs purchased an owner controlled policy of insurance from ACE (the "Policy" or the "OCIP"). The Policy's effective date of coverage began July 1, 2004 and continued through all times relevant herein. Plaintiffs, and each of them, are insured under the Policy. A true and correct copy of the Policy is attached and incorporated as

Exhibit A.

10. Pursuant to the Policy, ACE agreed to pay plaintiffs, and each of them, for direct physical loss of or damage to covered property caused by or resulting from any covered cause of loss.

11. While the Policy was in effect and during the coverage period of the Policy, plaintiffs suffered damage to covered property caused by and/or resulting from a covered cause of loss as those terms are defined in the Policy, including but limited to property damage, economic and investigative damage. Plaintiffs, as insured's under the Policy, have complied with all requirements up and through the material breach by Defendant and plaintiffs have filed the Complaint as now required.

12. Plaintiffs, and each of them, have performed all terms, conditions, and obligations under the Policy to be performed on their part, including timely notice and tender of claim, excepting only those that have been waived or excused by ACE's actions or failure of performance.

13. Defendants, and each of them, have breached their obligations under the Policy by, *inter alia*, refusing and failing to pay and otherwise reimburse plaintiffs for any and all covered loss under the Policy.

14. As a direct and proximate result of defendants' breach, plaintiffs have suffered, and will continue to suffer damages in an amount according to proof at trial, but within the jurisdiction of the court.

15. Plaintiffs have engaged and retained the above-captioned law firm to commence and prosecute this action, and pursuant to the Policy, plaintiffs are entitled to an award of attorneys' fees in an amount to be determined by the court.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing against ACE and Does 1-10)**

16. Plaintiffs re-allege and incorporate the allegations in paragraphs 1 through 16 as though set forth in full.

17. In every contract, including the Policy, there is an implied covenant of good faith and fair dealing that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement and each party will do all things

1   reasonably contemplated by the terms of the contract to accomplish its purpose.

2       18.     Plaintiffs, and each of them, have performed all terms, conditions, and obligations under the Policy to be performed on their part, including timely notice and tender of claim, excepting only those that have been waived or excused by ACE's actions or failure of performance.

        19.     Defendants, and each of them, breached the implied covenant of good faith and fair dealing in the Policy by, *inter alia*, in bad faith and without justification or reasonable cause denying that plaintiffs' loss is covered under the Policy and further by refusing to pay or reimburse plaintiffs for said loss.

        20.     As a direct and proximate result of defendants bad faith breach of the implied covenant of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer damages in an amount according to proof at trial, but within the jurisdiction of the court. In committing the acts herein described, defendants acted with malice, oppression, and fraud in that defendants, knowing that plaintiffs' loss is covered under the Policy nevertheless deny and refuse to pay and reimburse plaintiffs for said loss, thereby causing injury to plaintiffs, and each of them, and thus an award of exemplary and punitive damages is justified.

        21.     Plaintiffs have engaged and retained the above-captioned law firm to commence and prosecute this action, and pursuant to the Policy, plaintiffs are entitled to an award of attorneys' fees in an amount to be determined by the court.

        WHEREFORE, Plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Declaratory Relief against ACE and Does 1-10)

        22.     Plaintiffs re-allege and incorporate the allegations in paragraphs 1 through 22 as though set forth in full.

        23.     An actual controversy has arisen and now exists between plaintiffs and defendants regarding their respective rights and duties. Defendants, although in bad faith, contend that plaintiffs' loss is not covered under the Policy. Plaintiffs contend that their loss is covered under the Policy. A judicial declaration is necessary and appropriate at this time under all the circumstances so that the parties may determine their rights and duties under the Policy.

WHEREFORE, Cross-Complainants pray for judgment as set forth below.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1. A declaration by the court that plaintiffs' loss is covered under the Policy;
2. For damages according to proof at trial;
3. For exemplary and punitive damages;
4. For interest thereon at the legal rate;
5. For costs of suit, including attorney's fees; and
6. For such other and further relief as the court deems proper.

Dated: September 11, 2009               SPROUL TROST, LLP


By: _____
Thomas G. Trost
Jason M. Sherman
Attorneys for Northstar Big Horn, LLC,
Northstar Iron Horse, LLC, and East West
Resort Development V, L.P.