1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEDGWICK LLP
BRUCE D. CELEBREZZE  Bar No. 102181
DENNIS G. ROLSTAD Bar No. 150006
ANDREW J. KING  Bar No. 253962
bruce.celebrezze@sedgwicklaw.com
dennis.rolstad@sedgwicklaw.com
andrew.king@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, California 94104
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
ACE AMERICAN INSURANCE
COMPANY

SPROUL TROST LLP
THOMAS G. TROST Bar No. 151961
JASON M. SHERMAN Bar No. 232420
ttrost@sproullaw.com
jsherman@sproullaw.com
3200 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone: (916) 783-0262
Facsimile:  (916) 783-6252

Attorneys for Plaintiffs
EAST WEST RESORT DEVELOPMENT V.,
L.P., NORTHSTAR BIG HORN, LLC,
NORTHSTAR IRON HORSE, LLC, AND OLD
GREENWOOD, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST WEST RESORT DEVELOPMENT V., L.P, a Delaware limited partnership; NORTHSTAR BIG HORN, LLC, a Delaware limited liability company; and NORTHSTAR IRON HORSE, LLC, a Delaware limited liability company; and OLD GREENWOOD, LLC, a Delaware limited liability company; <br><br> Plaintiffs, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; and DOES 1 through 10, inclusive; <br><br> Defendants. | CASE NO. 2:10-CV-01394-JAM-DAD <br><br> **STIPULATED CONFIDENTIALITY & PROTECTIVE ORDER** |

The parties to this action, defendant ACE AMERICAN INSURANCE COMPANY ("Defendant" or "ACE") and plaintiffs EAST WEST RESORT DEVELOPMENT V., L.P. ("East West"), NORTHSTAR BIG HORN, LLC ("NBH"), NORTHSTAR IRON HORSE, LLC ("NIH"), and OLD GREENWOOD, LLC ("Old Greenwood") (together "Plaintiffs"), by and through their attorneys of record, do hereby stipulate to and agree that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and hereby agree to the following protective order:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to a nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   <u>Designating Party</u>:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8   <u>Inspecting Party</u>:  A Party that inspects documents or materials made available for inspection by a Producing Party.

2.9   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.10   <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent and have appeared for a Party in this action.

2.11   <u>House Counsel</u>:  Attorneys who are employees of a Party.

2.12   <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.13   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party

or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY."  After the Inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Party or non-party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Alternatively, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.   Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.  Transcript pages and exhibits containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis of the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rules 230 and 251 (and in compliance with Civil Local Rule 141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

1   The burden of persuasion in any such challenge proceeding shall be on the Designating

2   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

3   question the level of protection to which it is entitled under the Producing Party's designation.

4   **7.**   <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

5   7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

6   or produced by another Party or by a non-party in connection with this case only for prosecuting,

7   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

8   to the categories of persons and under the conditions described in this Order.  When the litigation

9   has been terminated, a Receiving Party must comply with the provisions of section 11, below

10   (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving

11   Party at a location and in a secure manner that ensures that access is limited to the persons

12   authorized under this Order.

13   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

14   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

15   disclose any information or item designated CONFIDENTIAL only to:

16   (a)   the Receiving Party's Outside Counsel of record in this action, as well as

17   employees of said Counsel to whom it is reasonably necessary to disclose the information for

18   this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

19   attached hereto as Exhibit A;

20   (b)   the officers, directors, and employees (including House Counsel) of the

21   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

22   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

23   (c)   Experts (as defined in this Order) and their staffs to whom disclosure is

24   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

25   Protective Order" (Exhibit A);

26   (d)   the Court and its personnel;

27

28

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)      the author of the document or the original source of the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this matter, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this matter, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

1    **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
2    **OTHER LITIGATION.**

3         If a Receiving Party is served with a subpoena or an order issued in other litigation that
4    would compel disclosure of any information or items designated in this action as
5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
6    Receiving Party must so notify the Designating Party, in writing (by fax, if possible)
7    immediately and in no event more than three court days after receiving the subpoena or order.
8    Such notification must include a copy of the subpoena or court order.

9         The Receiving Party also must immediately inform in writing the Party who caused the
10   subpoena or order to issue in the other litigation that some or all the material covered by the
11   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
12   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
13   caused the subpoena or order to issue.

14        The purpose of imposing these duties is to alert the interested parties to the existence of
15   this Protective Order and to afford the Designating Party in this case an opportunity to try to
16   protect its confidentiality interests in the court from which the subpoena or order issued.  The
17   Designating Party shall bear the burdens and the expenses of seeking protection in that court of
18   its confidential material — and nothing in these provisions should be construed as authorizing or
19   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

20   **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
22   Material to any person or in any circumstance not authorized under this Stipulated Protective
23   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
24   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
25   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
26   this Order, and (d) request such person or persons to execute the "Acknowledgment and
27   Agreement to Be Bound" that is attached hereto as Exhibit A.

28

**10.   FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

**11.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  December 16, 2011          SEDGWICK LLP

                                            By:  /s/ *Dennis G. Rolstad*
                                                 /s/ *Andrew J. King*
                                                 Dennis G. Rolstad
                                                 Andrew J. King
                                                 Attorneys for Defendant
                                                 ACE AMERICAN INSURANCE COMPANY

DATED:  December 16, 2011          SPROUL TROST, LLP

                                            By:  /s/ *Thomas G. Trost*
                                                 Thomas G. Trost
                                                 Jason M. Sherman
                                                 Attorneys for Plaintiffs
                                                 EAST WEST RESORT DEVELOPMENT V., L.P.,
                                                 NORTHSTAR BIG HORN, LLC,  NORTHSTAR IRON
                                                 HORSE, LLC, AND OLD GREENWOOD, LLC

        I hereby attest that I have on file all holograph signatures for any signatures indicated by

a "conformed" signature (/s/) within this e-filed document.

                                                 /s/ *Andrew J. King*
                                                 Andrew J. King

## ORDER ON STIPULATION

        Pursuant to the above stipulation of the parties, and good cause appearing therefor,

**IT IS SO ORDERED.**

Dated:  December 20, 2011

                                                 _Dale A. Drozd_

                                                 DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE

DDAD1\orders.civil\eastwest1394.stip.prot.ord.DOCX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**EXHIBIT A**

2

3

UNITED STATES DISTRICT COURT

4

EASTERN DISTRICT OF CALIFORNIA

5   EAST WEST RESORT DEVELOPMENT   CASE NO. 2:10-CV-01394-JAM-DAD
    V., L.P, a Delaware limited partnership;
6   NORTHSTAR BIG HORN, LLC, a              JUDGE:  Hon. John A. Mendez
    Delaware limited liability company; and  MAGISTRATE JUDGE:  Hon. Dale A. Drozd
7   NORTHSTAR IRON HORSE, LLC, a
    Delaware limited liability company; and  **ACKNOWLEDGMENT AND**
8   OLD GREENWOOD, LLC, a Delaware          **AGREEMENT TO BE BOUND BY TERMS**
    limited liability company;              **OF STIPULATED PROTECTIVE ORDER**
9
                Plaintiffs,
10
            v.
11
    ACE AMERICAN INSURANCE
12  COMPANY, a Pennsylvania corporation;
    and DOES 1 through 10, inclusive;
13
                Defendants.
14

15

16      I, _____ [print or type full name], of

17  _____ [print or type full address], declare under penalty of

18  perjury that I have read in its entirety and understand the Stipulated Protective Order that was

19  issued by the United States District Court for the Eastern District of California on

20  _____[date] in the case of *East West Resort Development V., L.P., et al. v. ACE*

21  *American Insurance Company,* United States District Court, Eastern District of California, Case

22  No. 2:10-CV-01394-JAM-DAD.  I agree to comply with and to be bound by all the terms of this

23  Stipulated Protective Order and I understand and acknowledge that failure to so comply could

24  expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

25  not disclose in any manner any information or item that is subject to this Stipulated Protective

26  Order to any person or entity except in strict compliance with the provisions of this Order.

27      I further agree to submit to the jurisdiction of the United States District Court for the

28  Eastern District of California for the purpose of enforcing the terms of this Order, even if such

enforcement proceedings occur after termination of this action.

   I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Order.


Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____